UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VADIM SHUTOY, DMITRIY SHPIGEL, ALEKSANDR KOZUBOV, MARK KHAIT, IGOR KOTLYARSKIY, VASILIY BIGUN, LIOUBOMIR BAIDALO, and NAZAR ZUBKIV, on behalf of themselves and all others similarly situated, <br><br>*Plaintiffs*, <br><br>v. <br><br>CROSS TOWN TRANSPORTATION, INC. and IGOR GORODETSKIY, <br><br>*Defendants*. | Civil Action No. <br><br>**FLSA COLLECTIVE ACTION** <br><br>**COMPLAINT** <br><br>**Jury Trial Demanded** |

Plaintiffs VADIM SHUTOY, DMITRIY SHPIGEL, ALEKSANDR KOZUBOV, MARK KHAIT, IGOR KOTLYARSKIY, VASILIY BIGUN, LIOUBOMIR BAIDALO, and NAZAR ZUBKIV, by and through their attorneys, on behalf of themselves and on behalf of all others similarly situated, allege, upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs VADIM SHUTOY, DMITRIY SHPIGEL, ALEKSANDR KOZUBOV, MARK KHAIT, IGOR KOTLYARSKIY, VASILIY BIGUN, LIOUBOMIR BAIDALO, and NAZAR ZUBKIV (referred to herein as "Plaintiffs") were employed as full-time non-exempt ambulette drivers and/or dispatchers by Defendants CROSS TOWN TRANSPORTATION, INC. and IGOR GORODENTSKIY (referred to herein as "Defendants").

2. Although Plaintiffs and others similarly situated often worked as many as seventy hours or more per workweek, Defendants failed to pay them overtime premiums for all hours worked in excess

of forty (40) hours in a workweek at one and one-half (1-1/2) times the regular rate for hours worked in excess of forty (40) in a workweek.

3. Defendants' unlawful practices in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and applicable regulations include, but are not limited to, their failure to pay Plaintiffs and others similarly situated wages due for work performed and overtime at one and one-half (1-1/2) times their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.

4. On behalf of themselves and others similarly situated, Plaintiffs seek unpaid wages, liquidated damages, pre-judgment and post-judgment interest, statutory penalties, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' Fair Labor Standards Act ("FLSA") claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has jurisdiction over Plaintiffs' New York Labor Law claims pursuant to 28 U.S.C. § 1367, in that they arise out of the same set of operative facts and are so related to Plaintiffs' FLSA claims that they form part of the same case or controversy.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district in that Plaintiffs were employed to work in Kings County in the State of New York.

## PARTIES

8. Plaintiff Shutoy is an individual residing in Kings County in the State of New York. Plaintiff Shutoy was hired by Defendants in approximately March 2015 and continued to work for them as an ambulette driver until approximately December 2016.

9. Plaintiff Shpigel is an individual residing in Kings County in the State of New York. Plaintiff Shpigel was hired by Defendants in approximately February 2015 and continued to work for them as an ambulette driver until approximately December 2016.

10. Plaintiff Kozubov is an individual residing in Kings County in the State of New York. Plaintiff Kozubov was hired by Defendants in approximately November 2015 and continued to work for them as an ambulette driver until approximately December 2016.

11. Plaintiff Khait is an individual residing in Kings County in the State of New York. Plaintiff Khait was hired by Defendants in approximately September 2015 and continued to work for them as an ambulette driver until approximately December 2016.

12. Plaintiff Kotlyarskiy is an individual residing in Kings County in the State of New York. Plaintiff Kotlyarskiy was hired by Defendants in approximately September 2015 and continued to work for them as an ambulette driver until approximately December 2016.

13. Plaintiff Bigun is an individual residing in Kings County in the State of New York. Plaintiff Bigun was hired by Defendants in approximately October 2015 and continued to work for them as an ambulette driver until approximately December 2016.

14. Plaintiff Baidalo is an individual residing in Richmond County in the State of New York. Plaintiff Baidalo was hired by Defendants in approximately February 2015 and continued to work for them as a dispatcher and as an ambulette driver until approximately December 2016.

15. Plaintiff Zubkiv is an individual residing in Kings County in the State of New York. Plaintiff Zubkiv was hired by Defendants in approximately February 2015 and continued to work for them as an ambulette driver until approximately December 2016.

16. Defendant Cross Town Transportation, Inc. is a New York Corporation with its principal place of business located at 1767 67th Street, Brooklyn, New York.

17. Defendant Igor Gorodentskiy is the owner, chairman/chief executive officer, manager and/or operator of Defendant Cross Town Transportation, Inc. Defendant Igor Gorodentskiy has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiffs and the FLSA Collective Action Members.

18. At all times relevant hereto, each of the Defendants was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C .§ 203(d), and NYLL § 190(3).

19. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of §3(r) and (s) of the FLSA, 29 U.S.C. §203 (r) and (s).

20. At all times relevant hereto, Defendants employed employees, including Plaintiffs and the FLSA Collective Action Members, who regularly were employed by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of §3(b), (g), (i), and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), and (s)(A)(i).

21. At all times relevant hereto, Defendants' annual gross volume of sales made or business done is not less than $500,000.00 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

**COLLECTIVE ACTION ALLEGATIONS**

22. Plaintiffs bring the First Cause of Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and others similarly situated (the "FLSA Collective Action Members"), which shall include:

> All persons who work or worked for Defendants as ambulette drivers or dispatchers at any time beginning three years prior to the filing of the original Complaint in this case through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "FLSA Collective Period").

4

23. At all relevant times, Plaintiffs and the FLSA Collective Action Members have had substantially similar job requirements, job duties, and pay provisions, and have been subject to Defendants' decisions, policies, plans, practices, procedures, routines, and rules to willfully fail and refuse to pay them overtime at the rate of one and one-half (1-1/2) times their regularly hourly rate for all hours worked in excess of forty (40) in a workweek.

24. The claims of the Plaintiffs are essentially the same as those of the other FLSA Collective Action Members.

25. Other FLSA Collective Action Members currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide the FLSA Collective Action Members with notice of the action and allow them to opt in to such action if they so choose.

26. The First Cause of Action is properly brought under, and maintained as an opt-in collective action pursuant to, §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Action Members are readily ascertainable. For purpose of notice and other purposes related to this action, their names and contact information are readily available on records that Defendants are legally required to maintain.

## SUBSTANTIVE ALLEGATIONS

27. Defendants operate an ambulette company based in Brooklyn, New York, for the purpose of transporting people to and from medical appointments.

28. At all relevant times, Defendants employed the Plaintiffs and the FLSA Collective Action Members to work as drivers and/or dispatchers of Defendants' ambulettes.

29. Defendants assigned their drivers to transport to and from medical facilities, including but not limited to hospitals and medical offices.

30. Defendants assigned their dispatchers to work in their office and dispatch ambulettes to/from various jobs.

31. Defendants obtained revenues through billings to Medicaid, other government programs, and insurance companies.

32. Plaintiffs and the FLSA Collective Action Members were scheduled to work, and regularly worked, at least ten hours a day five or six days a week.

33. Defendants generally scheduled Plaintiffs and the FLSA Collective Action Members to work from 7:00 or 8:00 a.m. through 5:00 or 6:00 p.m., although sometimes Plaintiffs and the FLSA Collective Action Members were scheduled to start as early as 4:00 a.m.

34. Plaintiffs and the FLSA Collective Action Members regularly worked beyond the end of their ten hour shifts.

35. Defendants paid Plaintiffs and the FLSA Collective Action Members at a flat rate of pay.

36. Defendants only paid Plaintiffs and the FLSA Collective Action Members for their ten (10) hour shifts and not for the extra time worked beyond the end of their ten hour shifts.

37. Defendants paid Plaintiffs $735 per five (5) day workweek.

38. Defendants paid Plaintiffs an additional $150 per day for Saturdays and/or Sundays worked.

39. At various times throughout his employment and due to Plaintiff Baidalo having worked as a driver <u>and</u> as a dispatcher for Defendants, he regularly worked substantially longer hours than the other employees of Defendants.

40. Plaintiff Baidalo often worked from as early as 4:00 a.m. until after 9:00 or 10:00 p.m.

41. Defendants never paid Plaintiffs for their last two (2) weeks of work in December of 2016.

42. Plaintiffs and the FLSA Collective Action Members were non-exempt employees under the FLSA or the NYLL.

43. Defendants regularly dispatched Plaintiff and the FLSA Collective Action members to so many jobs that they were prevented from taking any uninterrupted meal breaks. They were thus forced to regularly work through their lunch/meal breaks, eating in their assigned ambulettes while they worked.

44. Defendants failed to pay Plaintiffs and the FLSA Collective Action Members overtime premiums of one and one-half (1-1/2) times their regular rate of pay for all of hours that they worked in excess of forty (40) in a workweek.

45. Defendants failed to keep accurate and sufficient time records as required by Federal and State laws.

46. Upon information and belief, Defendants violated NYLL § 195(3) by failing to furnish Plaintiffs with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

47. Defendants failed to provide Plaintiffs with the notices required by NYLL §195(1).

48. Upon information and belief, Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for each employee.

49. As a result of Defendants' failure to record, credit, and/or compensate Plaintiffs and the FLSA Collective Action Members for the full amount of the hours they worked for Defendants,

Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation, of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

50. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and the FLSA Collective Action Members were not paid (i) overtime premiums for all hours worked in excess of forty (40) hours in a workweek and (ii) wages for all hours worked. Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiffs and the FLSA Collective Action Members, and that it violated the FLSA and the NYLL.

51. Defendants committed the foregoing acts knowingly, intentionally and willfully against Plaintiffs and the FLSA Collective Action Members.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Action Members)**

52. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

53. During the FLSA Collective Period, Plaintiffs and others similarly situated were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

54. During the FLSA Collective Period, Plaintiffs and others similarly situated were employed by Defendants' enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207.

55. During the FLSA Collective Period, Defendants have been, and continue to be, "employers" and/or joint employers engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

56. During the FLSA Collective Period, Defendants' business has had annual gross revenues well in excess of $500,000.

57. Plaintiffs have consented in writing to be parties to this action pursuant to 29 U.S.C. §216(b). Plaintiffs' written consent forms are attached hereto as Exhibit A and incorporated herein.

58. Defendants were required to properly pay Plaintiffs and others similarly situated overtime wages at the rate of one and one-half (1-1/2) times their regular hourly rate for all hours worked in excess of forty (40) hours in a workweek.

59. During the FLSA Collective Period, Defendants violated the FLSA by developing a standard business practice of failing to pay overtime premiums to the Plaintiffs and the FLSA Collective Action Members and thereby violating the overtime requirements of the FLSA.

60. Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiffs and others similarly situated for all hours worked and failing to pay Plaintiffs and others similarly situated overtime at not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and (e) and § 215(a).

61. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

62. As a result of Defendants' violations of the FLSA, Plaintiffs and others similarly situated have suffered damages by being denied pay for all of their hours worked and by being denied overtime wages in amounts to be determined at trial and are entitled to recovery of such amounts, an equal additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (Failure to Pay Wages and Overtime Wages – NYLL, Brought by Plaintiffs on Behalf of Themselves)

63. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

64. During their employment with Defendants, Plaintiffs were "employees" within the meaning of N.Y. Lab. Law § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

65. During Plaintiffs' employment with Defendants, Defendants were "employers" within the meaning of N.Y. Lab. Law § 650(6).

66. Defendants failed to pay Plaintiffs overtime wages of not less than one and one-half (1-1/2) times their regularly hour rate for each hour worked in excess of forty (40) hours in a workweek in violation of the N.Y. Lab. Law, Article 19, §650, *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, §142-2.2.

67. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants overtime wages of not less than one and one-half (1-1/2) times their regular hourly rate for each hour worked in excess of forty (40) hours in a workweek, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### (New York Labor Law §§ 195(1) & (3) - Failure to Provide Wage Statements & Wage Notices Brought by Plaintiffs on Behalf of Themselves)

68. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

69. Defendants have willfully failed to supply Plaintiffs with the notices required by NYLL § 195(1) containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if

applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

70. Defendants have also willfully failed to supply Plaintiffs with an accurate statement of wages as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

71. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants $250 for each workday during which the violations § 195(3) occurred, up to a maximum of $5,000, as provided for by NYLL § 198(1)-d, and $50 dollars for each workday after the violations of § 195(1) occurred, up to a maximum of $5,000, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, pray for relief as follows:

    (a)    Designation of this action as a collective action on behalf of the FLSA Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly

situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designation of Plaintiffs as Representatives of the FLSA Collective Action Members;

(c) An award of damages, according to proof, to Plaintiffs and the FLSA Collective Action Members including FLSA liquidated damages, and interest, to be paid by Defendants;

(d) An award of damages to Plaintiffs for violations of the NYLL, including statutory NYLL liquidated damages and statutory penalties;

(e) Costs of action incurred herein, including expert fees;

(f) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g) Pre-judgment and post-judgment interest, as provided by law; and

(h) Such other and further legal and equitable relief as this Court deems necessary and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and the FLSA Collective Action Members, demand a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: February 13, 2017            Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

_____/s/ David Harrison_____
David Harrison, Esq.
110 State Highway 35, Suite #10
Red Bank, NJ 07701
(718) 799-9111 Phone
nycotlaw@gmail.com
*Attorneys for Plaintiffs & the FLSA Collective Action Members*